Heather M. Sager, Bar No. 186566
HSager@perkinscoie.com
Matthew L. Goldberg, Bar No. 267295
MGoldberg@perkinscoie.com
Kelsey Cropper, Bar No. 313231
KCropper@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile:  +1.415.344.7050

Attorneys for Defendants
STMICROELECTRONICS, INC., GIORGIO PEDRAZZINI,
and ISMAIL ALLALCHA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHID SMAHI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>STMICROELECTRONICS, INC. a corporation; GIORGIO PEDRAZZINI, an individual; FRANKIE AGIUS, an individual; ISMAIL ALLALCHA, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:23-cv-06645-PCP<br><br>**DEFENDANTS STMICROELECTRONICS, INC., GIORGIO PEDRAZZINI AND ISMAIL ALLALCHA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:            April 4, 2024<br>Time:            10:00 a.m.<br>Courtroom:   8, 4th Floor<br>Judge:           Hon. P. Casey Pitts<br><br>Removal Filed:   December 28, 2023<br>Trial Date:         None Set. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on April 4, 2024, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 8 of the above-entitled Court, Defendants STMicroelectronics, Inc., Giorgio Pedrazzini, and Ismail Allalcha ("Defendants") will move this court for an order dismissing Plaintiff Rachid Smahi's ("Plaintiff") Complaint with prejudice.

Defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). Defendants request that this Court dismiss Plaintiff's Complaint due to his failure to state a claim for the following reasons:

1. The Complaint does not allege sufficient facts or connection between the alleged acts or omissions and California. California laws are "presumed not to have extraterritorial effect." *Cotter v. Lyft, Inc*., 60 F. Supp. 3d 1059 (N.D. Cal. 2014).

2. Plaintiff has not pleaded the requisite elements of his harassment cause of action because the alleged conduct is not severe or pervasive.

3. Plaintiff fails to plead the requisite elements of his Failure to Reasonably Accommodate and Failure to Engage in the Interactive Process Claim, because he does not plead sufficient facts regarding the requested accommodation.

4. Plaintiff fails to plead the requisite elements of his Assault and Battery Claim as to the Company, because he fails to plead that the alleged acts were in the scope of Defendant Frankie Agius's employment.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    This Motion is based on the accompanying Memorandum of Points and Authorities, all

2    records and papers on file in this action, and upon such oral and documentary evidence that may

3    be presented at the time of hearing on this Motion.

4

5    Dated:  February 15, 2024                    **PERKINS COIE LLP**

6

7                                                 By: /s/ Heather M. Sager
                                                     Heather M. Sager

8                                                    Matthew L. Goldberg
                                                     Kelsey Cropper

9                                                 Attorneys for Defendant
                                                  STMICROELECTRONICS, INC.,

10                                                GIORGIO PEDRAZZINI, and
                                                  ISMAIL ALLALCHA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

165551430.2

1

## **TABLE OF CONTENTS**

2

I.      INTRODUCTION ...........................................................................................6

3

II.     FACTUAL BACKGROUND .........................................................................7

4

     A.      Plaintiff Performed Services for the Company from Oregon. ..................7

5

     B.      Plaintiff's Complaint Alleges Claims Under California's Labor Code,
          California's Fair Employment and Housing Act, and Unidentified Statutes............8

6

7

     C.      The Complaint Does Not Allege Sufficient Facts or Connection Between
          California and His Alleged Claims. .........................................................8

8

          1.      Retaliation in Violation of Labor Code § 1102.5 and Retaliation in
               Violation of FEHA. ................................................................8

9

10

          2.      Disability Discrimination and Wrongful Termination in Violation
               of Public Policy. ....................................................................8

11

          3.      Failure to Reasonably Accommodate and Failure to Engage in the
               Interactive Process. ...............................................................9

12

          4.      Harassment. ..........................................................................9

13

          5.      Assault and Battery. ............................................................10

14

          6.      Failure to Pay All Wages Owed..........................................10

15

III.    LEGAL ARGUMENT .................................................................................10

16

     A.      The Court Should Dismiss Plaintiff's Claims for Failure to Allege
          Sufficient Nexus to California. .............................................................11

17

          1.      Plaintiff's FEHA Claims Have no Ties to California. ...............................11

18

          2.      Plaintiff's Other Claims Similarly Lack Adequate Ties to
               California. ..............................................................................12

19

20

     B.      The Court Should Dismiss Plaintiff's Harassment Claims for Failure to
          Identify a Protected Class or Plead Facts Showing the Conduct Was Severe
          and Pervasive. ......................................................................................13

21

22

     C.      The Court Should Dismiss Plaintiff's Failure to Reasonably Accommodate
          and Failure to Engage in the Interactive Process Claim. .......................15

23

     D.      The Court Should Dismiss Plaintiff's Assault and Battery Claim Against
          the Company Because Assault and Battery Are Not Within the Scope of
          Agius's Employment............................................................................16

24

IV.     CONCLUSION ............................................................................................17

25

26

27

28

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

CASES

4

*Ayala v. Frito Lay, Inc.*,
   263 F. Supp. 3d 891 (E.D. Cal. 2017) .................................................................................6, 14

5

*Bell Atl. Corp. v. Twombly*,
6   550 U.S. 544 (2007) ...............................................................................................................11

7

*Campbell v. Arco Marine, Inc.*,
8   42 Cal. App. 4th 1850 (1996) ................................................................................................11

9

*Cotter v. Lyft, Inc.*,
   60 F. Supp. 3d 1059 (N.D. Cal. 2014) .....................................................................................6

10

*Gardner v. Fed. Express Corp.*,
11   114 F. Supp. 3d 889 (N.D. Cal. 2015) ...................................................................................15

12

*Gonsalves v. Infosys Techs., LTD*,
13   No. C 09-04112, 2010 WL 1854146 (N.D. Cal. May 6, 2010) ..............................................11

14

*Jensen v. Wells Fargo Bank*,
   85 Cal. App. 4th 245 (2000) ..................................................................................................15

15

*King v. United Parcel Serv., Inc.*,
16   152 Cal. App. 4th 426 (2007) .............................................................................................7, 15

17

*Loza v. Intel Americas, Inc.*,
18   No. 20-cv-06705, 2020 WL 7625480 (N.D. Cal. Dec. 22, 2020)..........................................12

19

*Lyle v. Warner Bros. Television Prods.*,
   132 P.3d 211 (Cal. 2006) .......................................................................................................14

20

*Navarro v. Block*,
21   250 F.3d 729 (9th Cir. 2001)..................................................................................................11

22

*Paparella v. Plume Design, Inc.*,
   No. 22-CV-01295, 2022 WL 2915706 (N.D. Cal. July 25, 2022)....................................12, 13

23

*Reno v Baird*,
24   18 Cal.4th 640 (1998) ............................................................................................................14

25

*Robles v. Agreserves, Inc.*,
26   158 F. Supp. 3d 952 (E.D. Cal. 2016)...............................................................................13, 16

27

*Rubadeau v. M.A. Mortenson Co.*,
   No. 1:13-CV-339 JLT, 2013 WL 3356883 (E.D. Cal. July 3, 2013).......................................14

28

*Serri v. Santa Clara University*,
   226 Cal. App. 4th 830 (2014) ................................................................14

*Strigliabotti v. Franklin Res., Inc.*,
   398 F. Supp. 2d 1094 (N. D. Cal. 2005) ................................................10

*Suarez v. Bank of Am. Corp.*,
   No. 18-CV-01202, 2018 WL 2431473 (N.D. Cal. May 30, 2018) ..........15

*United States v. Bowman*,
   260 U.S. 94 (1922) ................................................................................13

*Washington v. Lowe's HIW Inc.*,
   75 F. Supp. 3d 1240 (N.D. Cal. 2014) ..................................................14

*Weinberg v. Valeant Pharms. Int'l*,
   No. 8:15-CV-01260, 2017 WL 6543822 (C.D. Cal. Aug. 10, 2017), aff'd sub
   nom. *Weinberg v. Valeant Pharms. N. Am., LLC*, 765 F. App'x 328 (9th Cir.
   2019) ......................................................................................................12

*Weinberg v. Valeant Pharms.*,
   No. SA CV 15-1260, 2015 WL 13907424 (C.D. Cal. Nov. 4, 2015) ......11

*Yates v. Taft Lodge No. 1527, Benevolent & Protective Order of Elks of U.S. of Am.*,
   6 Cal. App. 2d 389 (1935)................................................................7, 16

**STATUTES**

Cal. Lab. Code § 204 ........................................................................10, 13

Cal. Lab. Code § 1102.5 ..........................................................6, 8, 12, 13

**RULES**

Fed. R. Civ. P. 12(b)(6)......................................................................6, 10, 11

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.     INTRODUCTION**

3

Defendant STMicroelectronics, Inc. ("ST" or the "Company") and individual defendants

4

Giorgio Pedrazzini ("Pedrazzini") and Ismail Allalcha ("Allalcha") (collectively "Defendants")

5

request that this Court dismiss Plaintiff's Complaint due to his failure to state a claim, pursuant to

6

Federal Rule of Civil Procedure Rule 12(b)(6).

7

Despite acknowledging that Plaintiff "is and at all relevant times was a resident of the

8

State of Oregon," Plaintiff alleges eight causes of action based on California law, including:

9

1) Retaliation in Violation of the Fair Employment and Housing Act ("FEHA"); 2) Disability

10

Discrimination in Violation of FEHA; 3) Failure to Reasonably Accommodate and Failure to

11

Engage in the Interactive Process in Violation of FEHA; 4) Harassment in Violation of FEHA;

12

5) Retaliation in Violation of California Labor Code ("Labor Code") § 1102.5; 6) Wrongful

13

Termination in Violation of Public Policy; 7) Assault and Battery; and 8) Failure to Pay All

14

Wages Owed. (*Id.* at ¶ 2.) The only act or omission described in the Complaint as having taken

15

place in California is when, in October 2022, individual defendant Frankie Agius allegedly

16

"assaulted" Plaintiff at ST's Santa Clara office. (*Id.* at ¶ 21.)

17

California laws are "presumed not to have extraterritorial effect." *Cotter v. Lyft, Inc.*, 60 F.

18

Supp. 3d 1059 (N.D. Cal. 2014). California and federal courts have actively guarded this

19

framework by dismissing extraterritorial causes of action under FEHA, the Labor Code, and even

20

common law when the pleadings fail to articulate the requisite state nexus. Defendants now ask

21

this Court to do the same.

22

Even if the actions alleged in Plaintiff's Complaint took place in California, Plaintiff has

23

not pleaded the requisite elements of his harassment cause of action. The Complaint provides

24

vague and conclusory allegations of harassment and does not allege sufficient facts to show

25

"severe or pervasive" conduct by any of the Defendants. *See Ayala v. Frito Lay, Inc.*, 263 F.

26

Supp. 3d 891, 910–11 (E.D. Cal. 2017) (granting motion to dismiss harassment claim when

27

plaintiff did not allege harassment severe or pervasive enough to "alter the conditions of her

28

employment").

1   Similarly, Plaintiff fails to plead the requisite elements of his Failure to Reasonably

2   Accommodate and Failure to Engage in the Interactive Process Claim. Plaintiff's Complaint fails

3   to state facts describing the requested accommodation the Company failed to grant, or identifying

4   the alleged disability associated with said accommodation request. *See King v. United Parcel*

5   *Serv., Inc.*, 152 Cal. App. 4th 426, 443 (2007) (holding that plaintiff did not trigger the

6   employer's duty to provide an accommodation when plaintiff's doctor's note did not provide any

7   specific restrictions and plaintiff did not communicate to his supervisor that he was no longer able

8   to work the hours he previously worked).

9   Finally, Plaintiff fails to plead the requisite elements of his Assault and Battery Claim as

10  to the Company. The Company cannot be liable for an employee's conduct that is outside the

11  scope of employment. See *Yates v. Taft Lodge No. 1527, Benevolent & ProtectiveOrder of Elks of*

12  *U.S. of Am.*, 6 Cal. App. 2d 389, 390 (1935) (holding that an employer is not liable for assault

13  committed by an employee if the act was outside the scope of employment).

14  For these and other reasons set forth below, Defendants respectfully request that this

15  Court dismiss the Complaint in full as to Defendants.

16  **II.   FACTUAL BACKGROUND**

17    **A.   Plaintiff Performed Services for the Company from Oregon.**

18  The Company is a Delaware corporation with headquarters in Texas. (Dkt. No. 1-2,

19  "Compl." at ¶ 3.) Plaintiff alleges that the Company manufactures semiconductors. (*Id.*)

20  The Company hired Plaintiff as a Senior Principal Customer Quality Engineer on or about

21  December 1, 2021. (*Id.* at ¶ 10.) Plaintiff allegedly resided in Oregon for the entire duration of his

22  employment. (*Id.* at ¶ 2.) Plaintiff alleges his supervisor at time of hire, Director of Quality

23  Engineering Frankie Agius ("Agius"), verbally agreed Plaintiff could work remotely from

24  Portland, Oregon. (*Id.* at ¶ 11.)

25  Agius reported to Vice President, Sales & Quality Engineering, Global Key Accounts

26  ("GKA") Pedrazzini. (*Id.* at ¶¶ 4-5, 10.) Agius is a resident of the State of Texas. (*Id.* at ¶ 5.)

27  Pedrazzini is a resident of California. (*Id.* at ¶ 4.)

28

In or about February 2023, GKA Systems Marketing and Quality Engineering Ismail Allalcha ("Allalcha") became Plaintiff's supervisor. (*Id.* at ¶ 31.) Allalcha is a resident of California. (*Id.* at ¶ 4.)

**B.    Plaintiff's Complaint Alleges Claims Under California's Labor Code, California's Fair Employment and Housing Act, and Unidentified Statutes.**

Plaintiff's Complaint alleges eight causes of action. Under FEHA, he alleges: 1) Retaliation; 2) Disability Discrimination; 3) Failure to Reasonably Accommodate and Failure to Engage in the Interactive Process; and 4) Harassment (the "FEHA Claims"). Under the Labor Code, he alleges: 1) Retaliation in Violation of Labor Code § 1102.5; and 2) Failure to Pay All Wages Owed (the "Labor Code Claims").  Lastly, he alleges: 1) Wrongful Termination in Violation of Public Policy; and 2) Assault and Battery. While his Wrongful Termination in Violation of Public Policy Claim is recognized as a common law claim under California law, it is unclear under what statute Plaintiff is alleging assault and battery against the Company.

**C.    The Complaint Does Not Allege Sufficient Facts or Connection Between California and His Alleged Claims.**

As Defendants read the Complaint, Plaintiff pleads the following facts in support of his causes of action:

**1.    Retaliation in Violation of Labor Code § 1102.5 and Retaliation in Violation of FEHA.**

While Plaintiff's Complaint states that he objected to alleged discrimination and made various complaints regarding discrimination and retaliation to Human Resources, he does not plead any facts that tie his Complaints to California. (*Id.* at ¶¶ 14, 21, 25.)

The primary adverse actions Plaintiff alleges support a claim for retaliation are the Continuous Individual Feedback for Improvement Plan that Plaintiff received, the Final Written Warning that Plaintiff received, and Plaintiff's termination. (*Id.* at ¶¶ 23, 41, 51.) There are no facts in the Complaint establishing that any of these actions have a nexus to California.

**2.    Disability Discrimination and Wrongful Termination in Violation of Public Policy.**

Plaintiff's disability discrimination and wrongful termination claims appear to primarily

-8-

rely on his termination. (*Id.* at ¶ 51.) As addressed above, there are no facts in the Complaint establishing that his termination had a nexus to California.

### 3. Failure to Reasonably Accommodate and Failure to Engage in the Interactive Process.

Plaintiff's Complaint does not clearly identify the elements of a failure to reasonably accommodate or failure to engage in the interactive process under California law or otherwise. The Complaint alleges Plaintiff suffered stress-related heart palpitations, heart attacks, panic attacks, and anxiety. (*Id.* at ¶ 72.) The Complaint acknowledges the Company accommodated his requested six-month medical leave of absence. (*Id.* at ¶ 17.) However, the Complaint does not provide any facts regarding any other accommodations that were recommended by any health care provider upon Plaintiff's return from leave.

Plaintiff belatedly tries to describe a request to be transferred to ST's Tesla team as a request for an accommodation. (*Id.* at ¶ 82.) Yet, this is inconsistent with the facts alleged in the body of his Complaint. Specifically, he acknowledges that he requested the transfer *after* the Company offered him a severance package. (*Id.* at ¶ 46.) Plaintiff does not plead any facts describing how the Company should have known that his transfer request related to any alleged disability. Moreover, the Complaint does not identify a nexus to California in the context of Plaintiff's transfer request.

### 4. Harassment.

Plaintiff alleges Defendants harassed him based on his association with employees protected under FEHA based on their age and disability. (*Id.* at ¶ 88.)

Plaintiff alleges that Pedrazzini harassed him by marginalizing him, undermining him, belittling him, excluding him from meetings, stripping him of responsibilities, giving him a final written warning, stripping him of his office, and making false accusations about him. (*Id.* at ¶¶ 30-31;41;44;88.)

Plaintiff alleges that Allalcha harassed him by making false accusations about him, giving him a final written warning, undermining him, stripping him of responsibilities, stripping him of his office, and attempting to force him to resign. (*Id.* at ¶¶ 31; 41;44; 51;88.)

Additionally, Plaintiff alleges the Company harassed him by placing him on a Continuous Individual Feedback for Development Plan. (*Id.* at ¶¶ 23;88.)

Plaintiff makes a conclusory statement that the totality of the harassing conduct was severe or pervasive, but does not plead facts showing the Company, Pedrazzini, and Allalcha each individually engaged in severe or pervasive conduct. (*Id.* at ¶ 89.)

Furthermore, the entire time of his employment, Plaintiff was allegedly living and working in Oregon. (*Id.* at ¶2.) There is no allegation Plaintiff experienced the allegedly harassing conduct while in California.

### 5.     Assault and Battery.

Plaintiff alleges Agius "violently shook" him when they were both physically in ST's Santa Clara, California office. (*Id.* at ¶ 21.) However, the other alleged incident in support of Plaintiff's Assault and Battery Claim took place in Catania, Italy. (*Id.*) The Complaint mentions a meeting with Human Resources regarding Agius's alleged assault but does not specify a location. (*Id.* at ¶ 27.) No other facts related to the Company's knowledge or complicity related to the alleged assault(s) are pled.

### 6.     Failure to Pay All Wages Owed.

Plaintiff alleges that he failed to a receive a bonus during the pay period in which it was earned under Labor Code § 204. (*Id.* at ¶ 111.) He alleges that the bonus "would generally be paid within 30 days after the close of the incentive period." (*Id.* at ¶ 52.) He does not allege that the origin of the alleged obligation to pay took place in California or that the bonus should have been paid in California.

## III.    LEGAL ARGUMENT

Rule 12(b)(6) of the Federal Rules of Evidence authorizes a court to dismiss a claim when the complaint fails to state a claim on which relief can be granted. Under Rule 12(b)(6), "a court must determine whether the facts alleged in the complaint, to be taken for these purposes as true, entitle the plaintiff to a legal remedy. If the complaint fails to articulate a legally sufficient claim, the complaint should be dismissed or judgment granted on the pleadings." *Strigliabotti v.*

*Franklin Res., Inc.*, 398 F. Supp. 2d 1094, 1097 (N. D. Cal. 2005). Dismissal is proper under Rule 12(b)(6) "where there exists no cognizable legal theory" or where there is "an absence of sufficient facts alleged to support a cognizable legal theory". *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." (*Id.*)

### A. The Court Should Dismiss Plaintiff's Claims for Failure to Allege Sufficient Nexus to California.

#### 1. Plaintiff's FEHA Claims Have no Ties to California.

This Court should dismiss Plaintiff's FEHA Claims because the Complaint fails to allege how the allegedly harassing, discriminatory, and retaliatory conduct took place in California, if at all. California law is clear—FEHA "was not intended to apply to non-residents where...the tortious conduct took place out of this state's territorial boundaries." *Campbell v. Arco Marine, Inc.,* 42 Cal. App. 4th 1850, 1858 (1996). As such, a non-resident is "required to plead at a minimum that…the discriminatory [or harassing/retaliatory] conduct occurred in California." *Gonsalves v. Infosys Techs., LTD,* No. C 09-04112, 2010 WL 1854146, at *5 (N.D. Cal. May 6, 2010). Incidental connections to California, such as occasional business trips, are insufficient. *Campbell*, 42 Cal. App. 4th at 1858 (dismissing non-resident's FEHA claims against a California shipping company where "[e]xcept for occasional brief stopovers in California…her official functions were performed on the high seas," as was the alleged harassment); *see also Weinberg v. Valeant Pharms.*, No. SA CV 15-1260 (KESx), 2015 WL 13907424 (C.D. Cal. Nov. 4, 2015) (dismissing non-resident's FEHA claims as the mere assertion that he performed services for one of the employer's California locations was insufficient to support a conclusion that he was employed in California when the complaint did not state that he performed the IT services from California).

Courts have consistently granted motions to dismiss FEHA claims when the complaint does not allege a sufficient nexus to California. *See Loza v. Intel Americas, Inc*., No. 20-cv-06705, 2020 WL 7625480, at *4 (N.D. Cal. Dec. 22, 2020) (dismissing FEHA claims for lack of sufficient California nexus where plaintiff alleged only that defendant's principal place of business was located in California and that his supervisor worked in California); *Paparella v. Plume Design, Inc*., No. 22-CV-01295, 2022 WL 2915706 (N.D. Cal. July 25, 2022) (granting a motion to dismiss when the complaint lacked facts concerning the location in which hostile or discriminatory conduct occurred, where the plaintiff was ultimately terminated, and who was responsible for the decision to terminate him).  Here, Plaintiff, a non-resident, has failed to provide the requisite jurisdictional information about who was ultimately responsible for the alleged discriminatory, harassing, or retaliatory actions in his Complaint, where the individuals were located when they allegedly engaged in such conduct, or information suggesting the Plaintiff was located in California when the alleged conduct took place. Thus, a fair reading of the Complaint implies that all or virtually all of the alleged conduct occurred where Plaintiff resided and worked, in Oregon. At most, Plaintiff has alleged the Company has operations in California and that he at times reported to employees that resided in California.  Accordingly, the Court should dismiss Plaintiff's FEHA Claims.

**2.      Plaintiff's Other Claims Similarly Lack Adequate Ties to California.**

The Court should dismiss Plaintiff's Retaliation in Violation of Labor Code § 1102.5 Claim because Plaintiff's Complaint fails to allege sufficient facts regarding who engaged in the retaliatory conduct, where the decision-makers were located when they engaged in such conduct, and where the Plaintiff was located when the conduct took place. Nothing in the language of Labor Code section 1102.5 indicates that the California Legislature meant for it to apply extraterritorially, such that the "presumption against extraterritoriality applies to [Section 1102.5] in full force." *See Weinberg v. Valeant Pharms. Int'l*, No. 8:15-CV-01260, 2017 WL 6543822, at *6 (C.D. Cal. Aug. 10, 2017), aff'd sub nom. *Weinberg v. Valeant Pharms. N. Am., LLC*, 765 F. App'x 328 (9th Cir. 2019) (granting motion to dismiss when the plaintiff never lived in California

and did not allege any retaliatory decision-making occurred in California).

For the same reason, the Court should dismiss Plaintiff's wrongful termination claim. *See Paparella*, 2022 WL 2915706 (dismissing a wrongful termination claim when the FEHA claim and California Labor Code claims it was tied to were dismissed for extraterritoriality).

Plaintiff alleges that he failed to a receive a bonus under Labor Code § 204. (Id. at ¶ 111.) The Court should also dismiss this claim since Plaintiff has not pleaded a sufficient nexus to California. *See Paparella*, 2022 WL 2915706 (granting motion to dismiss plaintiff's claim for wages allegedly owed during employment and at termination because the plaintiff failed to establish California wage law applied to him).

Plaintiff does not cite to an underlying statute for his Assault and Battery Claim and it is unclear under what theory the Plaintiff alleges that the Company (or, for that matter, individual defendant Frankie Agius) engaged in assault and battery. That said, this claim should be dismissed because one of the alleged incidents in support of this claim took place in Italy. *See United States v. Bowman*, 260 U.S. 94, 98 (1922) ("Crimes against private individuals or their property, like assaults…which affect the peace and good order of the community must, of course, be committed within the territorial jurisdiction of the government where it may properly exercise it."). Additionally, while Plaintiff alleges that individual defendant Frankie Agius engaged in conduct in California, he fails to plead that the Company engaged in any conduct related to the Assault and Battery Claim with a nexus to California.

**B.    The Court Should Dismiss Plaintiff's Harassment Claims for Failure to Identify a Protected Class or Plead Facts Showing the Conduct Was Severe and Pervasive.**

"To establish a claim for FEHA harassment, a plaintiff must demonstrate that: (1) he is a member of a protected group; (2) he was subjected to harassment because he belonged to this group; and (3) the alleged harassment was so severe or pervasive that it created a hostile work environment." *Robles v. Agreserves, Inc*., 158 F. Supp. 3d 952, 983 (E.D. Cal. 2016).

Harassing conduct under FEHA takes place outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or

bigotry, or for other personal motives. *Serri v. Santa Clara University,* 226 Cal. App. 4th 830, 869 (2014).  A supervisor must be able to make personnel decisions, without that, a supervisor cannot perform his or her job duties. *Reno v Baird,* 18 Cal.4th 640, 646 (1998).  Thus, personnel conduct necessary to the job performance of a supervisor is not harassment.

Plaintiff alleges that Defendants harassed him by giving him a Continuous Individual Feedback for Development Plan, a final written warning, removing job responsibilities, removing his office, and forcing him to resign. (*Id.* at ¶¶ 30-31;41;44;88.) That conduct was necessary to Pedrazzini and Allalcha's job performance as supervisors and is not actionable harassment.

Additionally, Plaintiff failed to state a claim for harassment because the Complaint failed to allege facts supporting a severe and pervasive course of conduct. Plaintiff makes vague allegations that Defendants engaged in marginalizing, undermining, and belittling behavior, but describes no examples of the conduct. Plaintiff simply makes a conclusory statement that the harassing conduct was severe or pervasive. *See Rubadeau v. M.A. Mortenson Co*., No. 1:13-CV-339 JLT, 2013 WL 3356883, at *8 (E.D. Cal. July 3, 2013) (granting motion to dismiss harassment claim holding, "Simply alleging that general conduct was severe, without an indication of frequency or a description of the conduct, is too conclusory."); *Ayala*, 263 F. Supp. 3d at 911 (granting motion to dismiss harassment claim when plaintiff did not allege harassment severe or pervasive enough to "alter the conditions of her employment"); *Lyle v. Warner Bros. Television Prods*., 132 P.3d 211, 223 (Cal. 2006) ("With respect to the pervasiveness of harassment, courts have held an employee generally cannot recover for harassment that is occasional, isolated, sporadic, or trivial; rather, the employee must show a concerted pattern of harassment of a repeated, routine, or a generalized nature.").

Furthermore, Plaintiff does not specify sufficient actions taken by individual Defendants Pedrazzini and Allalcha to support a harassment cause of action against either of them. *Washington v. Lowe's HIW Inc*., 75 F. Supp. 3d 1240, 1250–52 (N.D. Cal. 2014) (granting motion to dismiss harassment claims as to individual defendants when none were alleged to have engaged in the pervasive harassment necessary for a claim under FEHA).

Thus, the harassment claim should be dismissed as to the Company, Pedrazzini, and Allalcha.

### C.    The Court Should Dismiss Plaintiff's Failure to Reasonably Accommodate and Failure to Engage in the Interactive Process Claim.

To establish a claim for failure to accommodate under California law, "a plaintiff must show: (1) that he suffers from a disability covered by FEHA; (2) that he is otherwise qualified to do his job; and (3) that defendant failed to reasonably accommodate his disability." *Gardner v. Fed. Express Corp.*, 114 F. Supp. 3d 889, 901 (N.D. Cal. 2015). Failure to accommodate and failure to engage in the interactive process claims both require the plaintiff to take the first step and notify his employer of his disability and need for accommodation. *Suarez v. Bank of Am. Corp.*, No. 18-CV-01202, 2018 WL 2431473, at *22 (N.D. Cal. May 30, 2018).

Here, Plaintiff has failed to plead facts that he clearly requested, and was denied, an accommodation for an alleged disability. While Plaintiff alleges that he requested to be transferred to the Tesla team after the Company offered him a severance package for his resignation, Plaintiff does not provide any facts that show the Company should have known this request was related to a disability, such as a doctor's note identifying the need for a transfer as an additional recommended accommodation after his return from leave. (Compl. at ¶ 46.) *See King v. United Parcel Serv., Inc.*, 152 Cal. App. 4th 426, 443 (2007) (holding that plaintiff did not trigger the employer's duty to provide an accommodation when plaintiff's doctor's note did not provide any specific restrictions and plaintiff did not communicate to his supervisor that he was no longer able to work the hours he previously worked);  *Suarez*, 2018 WL 2431473, at *23 (dismissing failure to accommodate claim and failure to engage in the interactive process claim when the complaint lacked allegations that the plaintiff requested an accommodation or sought to engage in the interactive process); *Jensen v. Wells Fargo Bank*, 85 Cal. App. 4th 245, 266 (2000) ("It is an employee's responsibility to understand his or her own physical or mental condition well enough to present the employer at the earliest opportunity with a concise list of restrictions which must be met to accommodate the employee."). Thus, Plaintiff's Failure to Reasonably Accommodate and Failure to Engage in the Interactive Process Claim should be dismissed.

**D.     The Court Should Dismiss Plaintiff's Assault and Battery Claim Against the Company Because Assault and Battery Are Not Within the Scope of Agius's Employment.**

Plaintiff's Complaint does not include facts regarding the Company's liability for assault or battery. "The elements of a civil assault under California law are: (1) defendant acted with intent to cause harmful or offensive contact, or threatened to touch plaintiff in a harmful or offensive manner; (2) plaintiff reasonably believed he was about to be touched in a harmful or offensive manner or it reasonably appeared to plaintiff that defendant was about to carry out the threat; (3) plaintiff did not consent to defendant's conduct; (4) plaintiff was harmed; and (5) defendant's conduct was a substantial factor in causing plaintiff's harm." *Robles v. Agreserves, Inc.,* 158 F. Supp. 3d 952, 985–86 (E.D. Cal. 2016). Similarly, "[t]he elements of a civil battery under California law are: (1) defendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff; (2) plaintiff did not consent to the touching; (3) plaintiff was harmed or offended by defendant's conduct; and (4) a reasonable person in plaintiff's position would have been offended by the touching." (*Id.*)

Here, Plaintiff has not alleged any facts that the Company intended to cause harmful or offensive contact, that the Company touched Plaintiff, or that the Company directly harmed Plaintiff. Additionally, Plaintiff has not alleged a statute or theory which enables the Company to be liable for assault or battery. The Company cannot be liable for an employee's conduct that is outside the scope of employment. *See Yates v. Taft Lodge No. 1527, Benevolent & ProtectiveOrder of Elks of U.S. of Am.,* 6 Cal. App. 2d 389, 390 (1935) (holding that an employer is not liable for assault committed by an employee if the act was outside the scope of employment).

Thus, the Court should dismiss the Assault and Battery cause of action against the Company.

/ / /

/ / /

/ / /

**IV.     CONCLUSION**

Based on the foregoing, Defendants respectfully request that this Court dismiss all causes of action.

Dated:  February 15, 2024                    **PERKINS COIE LLP**


By: /s/Heather M. Sager
    Heather M. Sager
    Matthew L. Goldberg
    Kelsey Cropper

Attorneys for Defendants
STMICROELECTRONICS, INC.,
GIORGIO PEDRAZZINI, and
ISMAIL ALLALCHA

165551430.2