AYSE KENT (SBN 251114)
ayse@aklaw.co
**AK EMPLOYMENT LAW OFFICE**
100 Pine Street, Suite 1250
San Francisco, CA 94111
Tel: (415) 638-9471

*Attorney for Defendant Frankie Agius*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHID SMAHI, an individual,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ST MICROELECTRONICS, INC., a corporation; GIORGIO PEDRAZZINI, an individual; FRANKIE AGIUS, an individual; ISMAIL ALLALCHA, an individual; and DOES 1 through 50, inclusive, inclusive,<br><br>　　　　　　　Defendants. | Case No. 5:23-06645-PCP<br><br>**DEFENDANT FRANKIE AGIUS'S MOTION TO DISMISS COMPLAINT**<br><br>Date:　April 4, 2024<br>Time:　10:00 a.m.<br>Dept.:　Courtroom 8, Fourth Floor<br>Judge:　Hon. P. Casey Pits |

DEFENDANT FRANKIE AGIUS'S MOTION TO DISMISS COMPLAINT; CASE NO. 5:23-06645-PCP

## **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................... 2

I.   INTRODUCTION ...................................................................................................... 2

II.  RELEVANT BACKGROUND ................................................................................. 3

III. PLAINTIFF'S COMPLAINT ALLEGES CLAIMS UNDER CALIFORNIA'S LABOR CODE, CALIFORNIA'S FAIR EMPLOYMENT AND HOUSING ACT, AND UNIDENTIFIED STATUTES. ....................................................................... 3

IV.  THE COMPLAINT FAILS TO ALLEGE SUFFICIENT FACTS OR CONNECTION BETWEEN CALIFORNIA AND HIS ALLEGED CLAIMS AGAINST AGIUS. ............ 4

    A.   Harassment. ...................................................................................................... 4

    B.   Assault and Battery. ......................................................................................... 4

V.   APPLICABLE LEGAL STANDARDS .................................................................... 5

VI.  ARGUMENT .............................................................................................................. 5

    A.   The Court Should Dismiss Plaintiff's Claims for Failure to Allege Sufficient Nexus to California. ................................................................................................. 5

    B.   Plaintiff's Assault and Battery Claims Similarly Lack Adequate Ties to California. ...................................................................................................... 6

    C.   The Court Should Dismiss Plaintiff's Harassment Claims for Failure to Identify a Protected Class or Plead Facts Showing the Conduct Was Severe and Pervasive. .. 7

    D.   The Court Should Dismiss Plaintiff's Assault and Battery Claim for Failure to Plead Facts Showing Agius Intended to Cause Harmful or Offensive Contact, Or That Plaintiff Was Harmed Or Offended By The Alleged Conduct. ........................ 8

VII. CONCLUSION ........................................................................................................... 9

# TABLE OF AUTHORITIES

## CASES

*Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891 (E.D. Cal. 2017) .................................................2, 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...........................................................................5

*Campbell v. Arco Marine, Inc.,* 42 Cal. App. 4th 1850 (1996) ....................................................5, 6

*Cotter v. Lyft, Inc.*, 60 F. Supp. 3d 1059 (N.D. Cal. 2014) ..............................................................2

*Garcia ex. rel. Marin v. Clovis Unified School Dist.,* 627 F. Supp. 2d 1187 (E.D. Cal. 2009) .................................................................................................................................5

*Gonsalves v. Infosys Techs., LTD,* No. C 09-04112, 2010 WL 1854146 (N.D. Cal. May 6, 2010) ..........................................................................................................................6

*Loza v. Intel Americas, Inc*., No. 20-cv-06705, 2020 WL 7625480 (N.D. Cal. Dec. 22, 2020) ..................................................................................................................................6

*Lyle v. Warner Bros. Television Prods*., 132 P.3d 211 (Cal. 2006) .................................................8

*Navarro v. Block,* 250 F.3d 729 (9th Cir. 2001) ..............................................................................5

*Paparella v. Plume Design, Inc*., No. 22-CV-01295, 2022 WL 2915706 (N.D. Cal. July 25, 2022) .........................................................................................................................6

*Reno v Baird,* 18 Cal.4th 640 (1998) ................................................................................................7

*Robles v. Agreserves, Inc*., 158 F. Supp. 3d 952 (E.D. Cal. 2016) ...............................................7, 8

*Rubadeau v. M.A. Mortenson Co*., No. 1:13-CV-339 JLT, 2013 WL 3356883 (E.D. Cal. July 3, 2013) ......................................................................................................8

*Serri v. Santa Clara University,* 226 Cal. App. 4th 830 (2014) .......................................................7

*Strigliabotti v. Franklin Res., Inc.*, 398 F. Supp. 2d 1094 (N. D. Cal. 2005) ..................................5

*United States v. Bowman*, 260 U.S. 94 (1922) .................................................................................7

*Washington v. Lowe's HIW Inc*., 75 F. Supp. 3d 1240 (N.D. Cal. 2014) .........................................7

*Weinberg v. Valeant Pharms.*, No. SA CV 15-1260 (KESx), 2015 WL 13907424 (C.D. Cal. Nov. 4, 2015) ..........................................................................................................6

*Wynn v. National Broadcasting Co., Inc.* (C.D. Cal. 2002) 234 F. Supp.2d. 1067 ......................9

**RULES**

Fed. R. Civ. Proc. 12(b)(6) ................................................................................................ 5, 9

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE THAT ON April 4, 2024, at 10:00 a.m., in Courtroom 8 of the U.S. District Court for the Northern District of California, located at 280 South 1st Street, San Jose, CA 95113, Defendant Frankie Agius ("Agius") will and hereby does move the Court to dismiss Plaintiff's Complaint. Specifically, this Motion seeks to dismiss the Complaint in its entirety for failure to state claims pursuant to Fed. R. Civ. P. 12(b)(6). This Motion is supported by this Notice of Motion and Motion; a Memorandum of Points and Authorities; the [Proposed] Order filed herewith; other previously and concurrently filed documents in this action; the arguments of counsel; and any other mater that the Court may properly consider.

The issues to be decided are:

1) Whether Plaintiff's Complaint alleges sufficient facts or connection between California and his alleged harassment claim against Agius.

2) Whether Plaintiff's Complaint alleges sufficient facts or connection between California and his alleged assault and battery claims against Agius.

3) Whether Plaintiff's Complaint has identified a protected class or pled facts showing the conduct was severe and pervasive in support of his harassment claim.

4) Whether Plaintiff's Complaint pled facts showing Agius intended to cause harmful or offensive contact, or that Plaintiff was harmed or offended by the alleged conduct in support of his assault and battery claim.

1  **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.      INTRODUCTION**

3       Individual Defendant Frankie Agius ("Agius" or "Defendant") requests that this Court dismiss Plaintiff Rachid Smahi's ("Plaintiff") Complaint due to his failure to state a claim, pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).

       Despite acknowledging that Plaintiff "is and at all relevant times was a resident of the State of Oregon," Plaintiff alleges eight causes of action based on California law, including: 1) Retaliation in Violation of the Fair Employment and Housing Act ("FEHA"); 2) Disability Discrimination in Violation of FEHA; 3) Failure to Reasonably Accommodate and Failure to Engage in the Interactive Process in Violation of FEHA; 4) Harassment in Violation of FEHA; 5) Retaliation in Violation of California Labor Code ("Labor Code") § 1102.5; 6) Wrongful Termination in Violation of Public Policy; 7) Assault and Battery; and 8) Failure to Pay All Wages Owed. (*Id.* at ¶ 2.) The only act or omission described in the Complaint as having taken place in California is when, in October 2022, Agius allegedly "assaulted" Plaintiff at Defendant STMicroelectronics, Inc.'s ("ST") Santa Clara office. (*Id.* at ¶ 21.)

       California laws are "presumed not to have extraterritorial effect." *Cotter v. Lyft, Inc.*, 60 F. Supp. 3d 1059 (N.D. Cal. 2014). California and federal courts have actively guarded this framework by dismissing extraterritorial causes of action under FEHA, the Labor Code, and even common law when the pleadings fail to articulate the requisite state nexus. Defendant Agius now asks this Court to do the same.

       Even if the actions alleged in Plaintiff's Complaint took place in California, Plaintiff has not pled the requisite elements of his harassment cause of action. The Complaint provides vague and conclusory allegations of harassment and does not allege sufficient facts to show "severe or pervasive" conduct by Agius or any other Defendant. *See Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 910–11 (E.D. Cal. 2017) (granting motion to dismiss harassment claim when plaintiff did not allege harassment severe or pervasive enough to "alter the conditions of her employment").

       Similarly, Plaintiff fails to plead the requisite elements of his Assault and Battery Claim. The Complaint provides vague and conclusory allegations of alleged assault and battery without

alleging sufficient facts to show Agius "intended to cause harmful or offensive contact," or that Plaintiff was "harmed" or "offended" by the alleged conduct. The Complaint provides no facts that demonstrate when the alleged assault and battery occurred, no facts to support the conclusory allegation that Agius had the intent to harm or offend Plaintiff, and no facts to support the conclusory allegation that Plaintiff was harmed or offended by the alleged conduct.

For these and other reasons set forth below, Agius respectfully requests that this Court dismiss the Complaint in full as to him.

## II.   RELEVANT BACKGROUND

ST Microelectronics, Inc. ("ST") is a Delaware corporation with headquarters in Texas. (Compl. at ¶ 3.) Plaintiff alleges that the Company manufactures semiconductors. (*Id.*)

ST hired Plaintiff as a Senior Principal Customer Quality Engineer on or about December 1, 2021. (*Id.* at ¶ 10.) Plaintiff allegedly resided in Oregon for the entire duration of his employment. (*Id.* at ¶ 2.) Plaintiff alleges that Agius, his supervisor at time of hire and Director of Quality Engineering, verbally agreed Plaintiff could work remotely from Portland, Oregon. (*Id.* at ¶ 11.)

Agius reported to Vice President, Sales & Quality Engineering, Global Key Accounts ("GKA") Giorgio Pedrazzini ("Pedrazzini"). (*Id.* at ¶¶ 4-5, 10.) Agius is a resident of the State of Texas. (*Id.* at ¶ 5.) Pedrazzini is a resident of California. (*Id.* at ¶ 4.)

In or about February 2023, GKA Systems Marketing and Quality Engineering Ismail Allalcha ("Allalcha") became Plaintiff's supervisor. (*Id.* at ¶ 31.) Allalcha is a resident of California. (*Id.* at ¶ 4.)

## III.   Plaintiff's Complaint Alleges Claims Under California's Labor Code, California's Fair Employment and Housing Act, and Unidentified Statutes.

Plaintiff's Complaint alleges eight causes of action. Under FEHA, he alleges: 1) Retaliation; 2) Disability Discrimination; 3) Failure to Reasonably Accommodate and Failure to Engage in the Interactive Process; and 4) Harassment (the "FEHA Claims"). Under the Labor Code, he alleges Retaliation in Violation of Labor Code § 1102.5 (the "Labor Code Claim"). Lastly, he alleges: 1) Wrongful Termination in Violation of Public Policy; 2) Assault and Battery; and 3) Failure to Pay All Wages Owed. While his Wrongful Termination in Violation of Public Policy Claim is

recognized as a common law claim under California law, it is unclear under what statutes Plaintiff is alleging failure to pay all wages owed and assault and battery. Plaintiff alleges two causes of action against Agius: 1) the fifth cause of action for harassment and 2) the seventh cause of action for assault and battery.

As demonstrate herein, neither cause of action alleges sufficient facts to constitute actionable wrongs and must be dismissed.

**IV.    The Complaint Fails to Allege Sufficient Facts or Connection Between California and His Alleged Claims against Agius.**

Plaintiff's Complaint pleads the following facts in support of his causes of action against Agius:

**A.    Harassment.**

Plaintiff alleged Agius harassed him based on his association with employees protected under FEHA based on their age and disability. (*Id.* at ¶ 88.) Specifically, Plaintiff alleges that Agius harassed him by (1) pressuring him to make up false reasons to reprimand and then fire two older employees; (2) asking Plaintiff to place one of the employees on a performance employment plan, transfer him to a different department or terminate his employment and (3) physically assaulting Plaintiff, the requisite elements of which Plaintiff fails to plead as discussed below. (*Id.* at ¶¶ 14, 16, 20, 88.)

Plaintiff makes a conclusory statement that the totality of the harassing conduct was severe or pervasive but does not plead facts showing Agius engaged in severe or pervasive conduct. (*Id.* at ¶ 89.) Furthermore, the entire time of his employment, Plaintiff was living and working in Oregon. (*Id.* at ¶2.) Except for allegedly being assaulted once in California, for which Plaintiff fails to plead sufficient facts, there is no allegation Plaintiff experienced the allegedly harassing conduct while in California.

**B.    Assault and Battery.**

Plaintiff alleged Agius "violently shook" him when they were both physically in ST's Santa Clara, California office. (*Id.* at ¶ 21.) However, the other alleged incident in support of Plaintiff's Assault and Battery Claim took place in Catania, Italy. (*Id.*). As to the alleged assault incident in

Santa Clara, Plaintiff has not pled sufficient facts to state a claim, *i.e.*, that Agius "intended to cause harmful or offensive contact," or that Plaintiff was "harmed" or "offended" by the alleged conduct.

## V. APPLICABLE LEGAL STANDARDS

Rule 12(b)(6) of the Federal Rules of Evidence authorizes a court to dismiss a claim when the complaint fails to state a claim on which relief can be granted. Under Rule 12(b)(6), "a court must determine whether the facts alleged in the complaint, to be taken for these purposes as true, entitle the plaintiff to a legal remedy. If the complaint fails to articulate a legally sufficient claim, the complaint should be dismissed or judgment granted on the pleadings." *Strigliabotti v. Franklin Res., Inc.*, 398 F. Supp. 2d 1094, 1097 (N. D. Cal. 2005). Dismissal is proper under Rule 12(b)(6) "where there exists no cognizable legal theory" or where there is "an absence of sufficient facts alleged to support a cognizable legal theory". *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." (*Id.*) In ruling on a 12(b)(6) motion to dismiss, the court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences. *Garcia ex. rel. Marin v. Clovis Unified School Dist.,* 627 F. Supp. 2d 1187, 1194 (E.D. Cal. 2009).

## VI. ARGUMENT

### A. The Court Should Dismiss Plaintiff's Claims for Failure to Allege Sufficient Nexus to California.

#### 1. Plaintiff's FEHA Harassment Claim Has No Ties to California.

This Court should dismiss Plaintiff's FEHA harassment claims because the Complaint fails to allege actionable harassing conduct that took place in California. California law is clear—FEHA "was not intended to apply to non-residents where...the tortious conduct took place out of this state's territorial boundaries." *Campbell v. Arco Marine, Inc.,* 42 Cal. App. 4th 1850, 1858 (1996). As such, a non-resident is "required to plead at a minimum that…the discriminatory [or harassing/retaliatory] conduct occurred in California." *Gonsalves v. Infosys Techs., LTD,* No. C 09-

04112, 2010 WL 1854146, at *5 (N.D. Cal. May 6, 2010). Incidental connections to California, such as occasional business trips, are insufficient. *Campbell*, 42 Cal. App. 4th at 1858 (dismissing non-resident's FEHA claims against a California shipping company where "[e]xcept for occasional brief stopovers in California…her official functions were performed on the high seas," as was the alleged harassment); *see also Weinberg v. Valeant Pharms.*, No. SA CV 15-1260 (KESx), 2015 WL 13907424 (C.D. Cal. Nov. 4, 2015) (dismissing non-resident's FEHA claims as the mere assertion that he performed services for one of the employer's California locations was insufficient to support a conclusion that he was employed in California when the complaint did not state that he performed the IT services from California).

Courts have consistently granted motions to dismiss FEHA claims when the complaint does not allege a sufficient nexus to California. *See Loza v. Intel Americas, Inc.*, No. 20-cv-06705, 2020 WL 7625480, at *4 (N.D. Cal. Dec. 22, 2020) (dismissing FEHA claims for lack of sufficient California nexus where plaintiff alleged only that defendant's principal place of business was located in California and that his supervisor worked in California); *Paparella v. Plume Design, Inc.*, No. 22-CV-01295, 2022 WL 2915706 (N.D. Cal. July 25, 2022) (granting a motion to dismiss when the complaint lacked facts concerning the location in which hostile or discriminatory conduct occurred, where the plaintiff was ultimately terminated, and who was responsible for the decision to terminate him). Here, Plaintiff, a non-resident, fails to allege the requisite jurisdictional facts to sustain the cause of action. The Complaint fails to allege who was ultimately responsible for the alleged harassing conduct, where the individuals were located when they allegedly engaged in such conduct, or information suggesting the Plaintiff was located in California when the alleged conduct took place. The allegations in the Complaint clearly demonstrate that all or virtually all of the alleged conduct occurred where Plaintiff resided and worked, in Oregon. Accordingly, the Court should dismiss Plaintiff's FEHA Claims.

      **B.**     <u>**Plaintiff's Assault and Battery Claims Similarly Lack Adequate Ties to California.**</u>

There is no statutory support alleged for Plaintiff's Assault and Battery Claim and it is unclear under what theory the Plaintiff alleges that Agius engaged in assault and battery. That said,

1  this claim should be dismissed because one of the alleged incidents in support of this claim took
2  place in Italy. *See United States v. Bowman*, 260 U.S. 94, 98 (1922) ("Crimes against private
3  individuals or their property, like assaults…which affect the peace and good order of the
4  community must, of course, be committed within the territorial jurisdiction of the government
5  where it may properly exercise it."). Additionally, while Plaintiff alleges that Agius engaged in
6  conduct in California, he fails to plead sufficient facts to show Agius "intended to cause harmful or
7  offensive contact," or that Plaintiff was "harmed" or "offended" by the alleged conduct.

### C. The Court Should Dismiss Plaintiff's Harassment Claims for Failure to Identify a Protected Class or Plead Facts Showing the Conduct Was Severe and Pervasive.

"To establish a claim for FEHA harassment, a plaintiff must demonstrate that: (1) he is a member of a protected group; (2) he was subjected to harassment because he belonged to this group; and (3) the alleged harassment was so severe or pervasive that it created a hostile work environment." *Robles v. Agreserves, Inc*., 158 F. Supp. 3d 952, 983 (E.D. Cal. 2016). Additionally, harassing conduct under FEHA takes place outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives. *Serri v. Santa Clara University,* 226 Cal. App. 4th 830, 869 (2014). A supervisor must be able to make personnel decisions, without that, a supervisor cannot perform his or her job duties. *Reno v Baird,* 18 Cal.4th 640, 646 (1998). Thus, personnel conduct necessary to the job performance of a supervisor is not harassment.

Plaintiff alleges that Aguis told him to put certain employees on a PIP, or to terminate them. That conduct was personnel decisions and was necessary to Aguis' job performance as a supervisor and is not actionable harassment.

This cause of action also fails because there is no allegation of a severe and pervasive course of conduct. Plaintiff makes vague allegations that Agius pressured him to take employment action against two older employees, but he does not identify what was said and fails to describe any facts showing that Agius' alleged instructions were motivated by the older employees' ages as opposed to their job performance. *Washington v. Lowe's HIW Inc*., 75 F. Supp. 3d 1240, 1250–52 (N.D. Cal. 2014) (granting motion to dismiss harassment claims as to individual defendants when

none were alleged to have engaged in the pervasive harassment necessary for a claim under FEHA). Plaintiff also fails to plead sufficient facts that give rise to his alleged assault and battery claims, eliminating his ability to rely on these allegations to support his harassment claim.

Plaintiff simply makes a conclusory statement that the harassing conduct was severe or pervasive. *See Rubadeau v. M.A. Mortenson Co.*, No. 1:13-CV-339 JLT, 2013 WL 3356883, at *8 (E.D. Cal. July 3, 2013) (granting motion to dismiss harassment claim holding, "Simply alleging that general conduct was severe, without an indication of frequency or a description of the conduct, is too conclusory."); *Ayala*, 263 F. Supp. 3d at 911 (granting motion to dismiss harassment claim when plaintiff did not allege harassment severe or pervasive enough to "alter the conditions of her employment"); *Lyle v. Warner Bros. Television Prods.*, 132 P.3d 211, 223 (Cal. 2006) ("With respect to the pervasiveness of harassment, courts have held an employee generally cannot recover for harassment that is occasional, isolated, sporadic, or trivial; rather, the employee must show a concerted pattern of harassment of a repeated, routine, or a generalized nature."). There is no allegation that the alleged harassing conduct interfered with Plaintiff's ability to perform his job. Thus, the harassment claim should be dismissed as to Agius.

    **D.**    **The Court Should Dismiss Plaintiff's Assault and Battery Claim for Failure to Plead Facts Showing Agius Intended to Cause Harmful or Offensive Contact, Or That Plaintiff Was Harmed Or Offended By The Alleged Conduct.**

Plaintiff's Complaint does not include sufficient facts regarding Agius' liability for assault or battery. "The elements of a civil assault under California law are: (1) defendant acted with intent to cause harmful or offensive contact, or threatened to touch plaintiff in a harmful or offensive manner; (2) plaintiff reasonably believed he was about to be touched in a harmful or offensive manner or it reasonably appeared to plaintiff that defendant was about to carry out the threat; (3) plaintiff did not consent to defendant's conduct; (4) plaintiff was harmed; and (5) defendant's conduct was a substantial factor in causing plaintiff's harm." *Robles v. Agreserves, Inc.,* 158 F. Supp. 3d 952, 985–86 (E.D. Cal. 2016). Similarly, "[t]he elements of a civil battery under California law are: (1) defendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff; (2) plaintiff did not consent to the touching; (3) plaintiff was harmed or

offended by defendant's conduct; and (4) a reasonable person in plaintiff's position would have been offended by the touching." (*Id.*)

Here, Plaintiff fails to allege facts that demonstrate Agius intended to cause a harmful or offensive contact, or that Agius actually harmed Plaintiff. The Complaint provides no details about the timing of the alleged assault and battery, whether Agius indicated his intent or motive, and whether Plaintiff was harmed or offended by the alleged conduct. The alleged assault and battery in Italy are not actionable. The Complaint lacks the following necessary ultimate facts: What prompted the alleged incident in San Jose? What did Agius say? Did he intend to harm Plaintiff? Did this incident happen during work hours while at a work? Was Plaintiff harmed? None of this is alleged. Plaintiff cannot maintain assault and battery claims without pleading specific facts showing Agius' intent and any resulting harm to Plaintiff.

In ruling on a 12(b)(6) motion to dismiss, the court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences. *Wynn v. National Broadcasting Co., Inc.* (C.D. Cal. 2002) 234 F. Supp.2d. 1067, 1122. Vague and non-specific allegations are insufficient as a matter of law. Thus, the Court should dismiss the Assault and Battery cause of action against the Company.

## VII.  **CONCLUSION**

Based on the foregoing, Agius respectfully requests that this Court dismiss the fifth cause of action for harassment and the seventh cause of action for assault and battery as to Defendant Agius.

Dated: February 15, 2024

AK EMPLOYMENT LAW OFFICE

*/s/ Ayse Kent*
AYSE KENT
*Attorney for Defendant Frankie Agius*