UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| RACHID SMAHI,<br><br>    Plaintiff,<br><br>    v.<br><br>STMICROELECTRONICS, INC., et al.,<br><br>    Defendants. | Case No.  23-cv-06645-PCP (VKD)<br><br>**ORDER RE JANUARY 26, 2026 DISCOVERY DISPUTE RE PERUZZI DEPOSITION**<br><br>Re: Dkt. No. 114 |

Plaintiff Rachid Smahi and defendant STMicroelectronics, Inc. ask the Court to resolve their dispute regarding whether Mr. Smahi should be permitted to take the deposition of Rino Peruzzi.  Dkt. No. 114.  The Court held a hearing on this dispute on February 3, 2026.  Dkt. No. 122.

Defendant STMicroelectronics, Inc. ("ST") is an indirect wholly-owned subsidiary of STMicroelectronics N.V.  Dkt. No. 3 at 2.  STMicroelectronics N.V. is based in the Netherlands and is not a party to this action; defendant ST is a Delaware corporation with headquarters in Switzerland and Texas.  Dkt. No. 114 at 5; Dkt. No. 44 ¶ 3.  Mr. Peruzzi is the President of ST and the EVP of Sales and Marketing for the Americas Region and Global Key Account ("GKA").  Dkt. No. 44 ¶ 10; Dkt. No. 114 at 2, 5.  The parties dispute Mr. Peruzzi's precise position in the global corporate hierarchy.  Mr. Smahi asserts that Mr. Peruzzi is not a member of ST's Executive Committee and is therefore only a "mid-level executive" in that organization, *see* Dkt. No. 114 at 1, 2, but he does not dispute that Mr. Peruzzi is the President of ST, the defendant in this action.  Indeed, the operative complaint refers to Mr. Peruzzi repeatedly as "President Peruzzi."  Dkt. No. 44 ¶¶ 30, 31, 32.

United States District Court
Northern District of California

United States District Court
Northern District of California

Mr. Smahi wishes to take Mr. Peruzzi's deposition.  Dkt. No. 114 at 1.  ST objects that the deposition is "barred" by the so-called "apex" doctrine.  *Id.*

Rule 30 of the Federal Rules of Civil Procedure permits "[a] party . . . [to] depose any person, including a party, without leave of court . . . ."  Fed. R. Civ. P. 30(a)(1).  However, under Rule 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding a deposition, or limiting its scope.  Fed. R. Civ. P. 26(c)(1).  The party seeking a protective order bears the burden of showing good cause for the order by "demonstrating harm or prejudice that will result from the discovery."  *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

The Ninth Circuit has provided little guidance on the nature and scope (or existence) of the apex doctrine.  However, district courts within this Circuit have observed that a party's request for the deposition of a high-level executive of an adverse party creates a risk of abuse or harassment.  *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012); *see also In re Meta Pixel Healthcare Litig.,* No. 22-cv-03580-WHO (VKD), 2025 WL 1413402, at *3 (N.D. Cal. May 14, 2025) (recognizing opportunity for abuse or harassment in deposition of Meta CEO).  To address this risk, district courts typically consider the following factors in determining whether to permit or limit the deposition of such an executive:  (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case, and (2) whether the party seeking the deposition has exhausted other less intrusive means to obtain the discovery.  *Apple*, 282 F.R.D. at 263.

According to Mr. Smahi, Mr. Peruzzi supervised and directed defendants Agius, Pedrazzini, and Allalcha, who are alleged to have engaged in the conduct that forms the basis for Mr. Smahi's harassment, retaliation, and termination claims.  Dkt. No. 114 at 2.  But Mr. Smahi does not seek Mr. Peruzzi's deposition merely because he supervised the individual defendants.  *See Doble v. Mega Life & Health Ins.*, No. 09-cv-1611-CRB (JL), 2010 WL 1998904, at *3 (N.D. Cal. May 18, 2010) (denying deposition requested based on deponent's high-level, general management responsibilities).  Rather, Mr. Smahi alleges in the operative complaint that he directly informed Mr. Peruzzi about the alleged retaliation and harassment he experienced and

2

United States District Court
Northern District of California

attempted to discuss the matter with him on two occasions, but Mr. Peruzzi refused to meet with him.  Dkt. No. 44 ¶¶ 34, 40.  In the joint discovery dispute letter, Mr. Smahi asserts that Mr. Peruzzi met with defendant Agius "to discuss the alleged harassment," and thereafter, Mr. Peruzzi had several communications with both defendant Agius and defendant Pedrazzini regarding alleged adverse employment actions against Mr. Smahi.  Dkt. No. 114 at 3.  Mr. Smahi contends that Mr. Peruzzi made the decision to terminate Mr. Smahi's employment with ST, although this appears to be a disputed issue.  *Id.* at 4.

ST argues that Mr. Peruzzi's relevant knowledge is limited and other witnesses have better, more complete information.  *Id.* at 5-6.  As ST points out, other witnesses have already testified about Mr. Smahi's "core allegations."  *Id.* at 5.  While ST insists that Mr. Peruzzi "exercised only high-level oversight" and did not have "direct involvement in day-to-day matters or communications with [Mr. Smahi] or his direct supervisors," *id.*, Mr. Smahi points to contrary information indicating that Mr. Peruzzi had a direct role in at least some relevant matters, *id.* at 3-4.  It is difficult for the Court to make a definitive determination on this point on the record presented.  While Mr. Peruzzi may be a high-level executive of ST, Mr. Smahi has articulated a justification for seeking his deposition based on Mr. Peruzzi's firsthand knowledge of (1) Mr. Smahi's performance, (2) Mr. Smahi's complaints of retaliation and harassment, (3) direct communications with Mr. Smahi's supervisors (the individual defendants) about these matters, and (4) possibly, the final decision to terminate Mr. Smahi's employment.  In these circumstances, the Court is not persuaded that Mr. Smahi should be completely barred from taking Mr. Peruzzi's deposition.  *See, e.g., Laatz v. Zazzle, Inc.*, No. 22-cv-04844-BLF, 2024 WL 4487355, at *2 (N.D. Cal. Sept. 5, 2024) (permitting deposition where chief strategy officer may have unique first-hand knowledge of facts material to disputed issues in the case, including whether he "knew of the contractual terms or acted recklessly in not educating [himself] on such terms," and observing that no other witness could speak to what apex witness knew of the contract terms).  However, the Court agrees that ST has shown good cause for limits on Mr. Peruzzi's deposition.  *See* Fed. R. Civ. P. 26(c)(1) ("[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding a

deposition, or limiting its scope).

As discussed during the hearing, Mr. Smahi may take Mr. Peruzzi's deposition. The deposition shall be limited to no more than four hours on the record. If Mr. Smahi wishes to take Mr. Peruzzi's deposition in person, the deposition shall be conducted in Texas at a location that is convenient to Mr. Peruzzi, in a professional setting, such as a conference room in an attorney's office or a similar location. Mr. Smahi may instead, at his election, take Mr. Peruzzi's deposition by remote videoconference means. The parties shall cooperate to ensure that the deposition is conducted no later than February 23, 2026.

**IT IS SO ORDERED.**

Dated: February 3, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California

4