United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RACHID SMAHI,

        Plaintiff,

    v.

STMICROELECTRONICS, INC., et al.,

        Defendants.

Case No.  23-cv-06645-PCP   (VKD)

**ORDER RE JANUARY 30, 2026 DISCOVERY DISPUTE**

Re: Dkt. No. 120

The parties ask the Court to resolve their dispute regarding the discovery permitted by the presiding judge's January 5, 2026 order granting plaintiff's motion for an extension of time to complete discovery (Dkt. No. 111). Dkt. No. 120. The Court finds this dispute suitable for resolution without oral argument. *See* Civil L.R. 7-1(b).

Having considered the parties' joint discovery dispute letter and the January 5, 2026 order, the Court concludes that the only fact discovery permitted after the October 3, 2025 fact discovery deadline is the "certain fact discovery" described in plaintiff's administrative motion (Dkt. No. 105). The order cannot plausibly be read as re-opening discovery generally or authorizing further discovery by defendants after the October 3, 2025 cut off.

Defendant ST Microelectronics ("ST") argues that "fundamental fairness and proportionality support" permitting ST "limited, reciprocal discovery." Dkt. No. 120 at 3. According to ST, that discovery should include (1) responses to seven document requests served January 13, 2026, (2) responses to a non-party document subpoena directed to Infineon Technologies Americas, (3) a non-party deposition of Heidi Norton, plaintiff's wife, and (4) a non-party deposition of Proto Palacios, plaintiff's former colleague. *Id.* at 4. ST does not explain

why it failed to seek or obtain this discovery before the October 3, 2025 fact discovery completion deadline, nor has it made the requisite showing of good cause that Rule 16(b)(4) requires. *See, e.g., Carl Zeiss X-Ray Microscopy, Inc. v. Sigray, Inc.,* No. 21-cv-01129-EJD, 2025 WL 980830, at *3 (N.D. Cal. Apr. 1, 2025) (discussing factors that inform "good cause" determination). Further, in seeking to take discovery after the October 3, 2025 fact discovery completion deadline, ST has failed to comply with the presiding judge's June 6, 2025 case management order, which provides in relevant part:

> *Modification.* This schedule may be modified only by Court order for good cause. The parties may request modification by stipulation or by filing an administrative motion pursuant to Civil Local Rule 7-11. Requests to modify a deadline must be made before that deadline.

Dkt. No. 91 at 2.

ST may not conduct further fact discovery of plaintiff or non-parties, absent an order from the presiding judge extending the deadline for ST to conduct such discovery.

**IT IS SO ORDERED.**

Dated: February 6, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California

2