UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RACHID SMAHI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STMICROELECTRONICS, INC., et al.,<br><br>　　　　Defendants. | Case No.  23-cv-06645-PCP (VKD)<br><br>**ORDER RE FEBRUARY 6, 2026 DISPUTE RE PLAINTIFF'S RULE 30(B)(6) DEPOSITION NOTICE**<br><br>Re: Dkt. No. 125 |

Plaintiff Rachid Smahi and defendant STMicroelectronics, Inc. ("ST") ask the Court to resolve their dispute regarding Mr. Smahi's Rule 30(b)(6) deposition notice to ST.  Dkt. No. 125. Given the time-sensitive nature of this dispute, the Court finds the matter suitable for resolution without oral argument.  *See* Civil L.R. 7-1(b).

The parties advise that "ST has substantially agreed to comply [with the notice]," but that ST objects that "certain topics are overbroad in scope or (otherwise objectionable)," in view of Mr. Smahi's "less-than-2-year tenure" with ST.  Dkt. No. 125 at 1.  Having carefully considered the parties' submission, the Court resolves the disputed issues as follows:

Mr. Smahi was employed by ST from November 29, 2021 through June 30, 2023 in Santa Clara, California.  *Id.* at 2, 3, 4.  ST adopted the "Flexible/Hybrid Work Arrangement" or "WFH" policy to which Mr. Smahi refers in October 2022.  *Id.* at 2.

As a general matter, for purposes of this Rule 30(b)(6) deposition, unless a narrower time period is specified in a topic, the relevant time period shall be the approximately two-year period from November 1, 2021 through December 31, 2023, unless the parties stipulate otherwise.

The parties have not adequately explained their dispute regarding whether ST must provide

United States District Court
Northern District of California

testimony regarding its policies and practices on a company-wide basis, or whether that testimony may be limited to the policies and practices of the office in which Mr. Smahi worked and/or the managers to whom he reported.  It appears that Mr. Smahi asks ST to prepare a corporate representative to testify about the following disputed topics:

1.  *Topic 15*: all instances of "guidance or counsel"[1] provided to any ST employee about attendance or WFH policies;

2.  *Topic 27*: any rejections by ST of any WFH request by any ST employee;

3.  *Topic 29 and 31*: any formal or informal complaints received by ST's HR department about attendance or WFH policies or arrangements, and ST's response on a company-wide basis.

4.  *Topic 30*:  any "documented complaints" from any ST employee, and known to HR, expressing "dissatisfaction" with attendance or WFH policies or arrangements on a company-wide basis.

*Id.* at 3-6.  While evidence of how other, similarly situated employees were treated may be relevant to Mr. Smahi's discrimination claim, he has not explained how the scope of discovery he seeks by means of these topics is proportional to the needs of the case.  In particular, Mr. Smahi does not address ST's objection that it would be difficult, if not impossible, to prepare a corporate representative to testify to the scope of these topics, given that the topics appear to encompass discrete events—e.g., complaints, rejections, communications—spanning multiple ST offices and more than 800 employees during a multi-year period.  The Court denies Mr. Smahi's request to compel such testimony.  The parties are encouraged to confer further about a reasonable scope for corporate testimony addressing the subject matter described in these topics.

In any event, the parties must not delay conducting the Rule 30(b)(6) deposition of ST, even if disputes about the scope of certain topics remain.  If ST's corporate representative is not prepared to answer questions as to a particular topic, and if Mr. Smahi believes that those questions are within a noticed topic and encompass information that is relevant and proportional to

---

[1] The Court understand Mr. Smahi will not question ST about "legal" guidance or counsel.  Dkt. No. 125 at 3.

the needs of the case, the parties may make a record of their disagreement as to particular questions and ask the Court to resolve their dispute, in accordance with discovery dispute procedures in the undersigned's Standing Order for Civil Cases.

**IT IS SO ORDERED.**

Dated: February 13, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California