UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RACHID SMAHI,

          Plaintiff,

    v.

STMICROELECTRONICS, INC., et al.,

          Defendants.

Case No.  23-cv-06645-PCP   (VKD)

**ORDER RE FEBRUARY 10, 2026 DISCOVERY DISPUTE RE RE-OPENING DEPOSITIONS**

Re: Dkt. No. 127

Plaintiff Rachid Smahi and defendant STMicroelectronics, Inc. ("ST") ask the Court to resolve their dispute regarding Mr. Smahi's request for further depositions of defendants Ismail Allalcha and Giorgio Pedrazzini and non-parties Pam Griggs and Danielle Snailer.  Dkt. No. 127. Given the time-sensitive nature of this dispute, the Court finds the matter suitable for resolution without oral argument.  *See* Civil L.R. 7-1(b).

Absent agreement of the parties, Mr. Smahi must obtain leave of court to re-open the deposition of a witness who has already been deposed.  Fed. R. Civ. P. 30(a)(2)(ii); *see also* Fed. R. Civ. P. 30(d)(1) (deposition presumptively limited to one day of seven hours).  A court must grant leave "to the extent consistent with Rule 26(b)(1) and (2)."  Fed. R. Civ. P. 30(a)(2).  Rule 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  Rule 26(b)(2) requires a court to limit the frequency or extent of discovery

United States District Court
Northern District of California

where, for example, "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).

According to the parties, Mr. Allalcha, Mr. Pedrazzini, Ms. Griggs, and Ms. Snailer were previously deposed in September 2025, less than one month before the original close of fact discovery on October 3, 2025.  Dkt. No. 127 at 2.  Mr. Smahi argues that he should be permitted to take further depositions of each of these witnesses because ST belatedly produced 250 pages of documents after their depositions, on September 29, 2025 (four days before the close of fact discovery) and on October 23, 2025 (20 days after the close of fact discovery).  *Id.* at 2, 3 n.2.  Mr. Smahi argues that the belatedly-produced documents include several documents that bear directly on his claim that he was terminated for pretextual reasons and contain information that was not disclosed by any witness during questioning about ST's decision to terminate Mr. Smahi.  *See id.* at 2-3.  However, for some of the belatedly-produced documents, Mr. Smahi says only that they are "much more detailed" than the testimony certain witnesses gave in their depositions.  *See id.* at 3.  Mr. Smahi asks that Mr. Allalcha submit to an additional five hours of deposition, and that Mr. Pedrazzini, Ms. Griggs, and Ms. Snailer submit to an additional four hours of deposition each.  *Id.*

ST responds that Mr. Smahi should not be permitted to re-open any of these depositions because he has not identified any specific relevant matters that he could not examine a deponent about during that deponent's original deposition.  *Id.* at 4.  ST does not deny that it delayed producing documents responsive to document requests served in 2024 until late September 2025, and it offers no persuasive explanation for this belated production.[1]  However, ST contends that at least some of the documents produced after the close of fact discovery are responsive only to document requests Mr. Smahi served at the last possible moment, on August 29, 2025, arguing

---

[1] To the extent ST faults Mr. Smahi for not taking the depositions of *ST's own witnesses* earlier, apparently on the theory that ST would have then realized earlier that it had not completed its document production, this argument is not persuasive.  *See* Dkt. No. 127 at 4, 5 & n.3.

that Mr. Smahi has only himself to blame for ST's late production in October 2025. *Id.* at 3 n.2. In any event, ST characterizes the belatedly-produced documents as mostly describing "routine" and "standard" HR processes that have little to do with Mr. Smahi's claims of discrimination and retaliation, and thus the timing of their production does not justify further deposition of any witness. *Id.* at 4. At the very least, ST argues, Mr. Smahi should be permitted to take a further deposition of Mr. Allalcha only, and that deposition should be limited to no more than two hours and specific topics. *Id.* at 5.

While ST is correct that the mere fact that responsive documents are produced after a deposition does not, by itself, justify re-opening the deposition, the Court disagrees that Mr. Smahi seeks further deposition testimony on this basis alone. Rather, Mr. Smahi has identified belatedly-produced documents that discuss the purported justifications for Mr. Smahi's termination and communications to and from Mr. Smahi's managers (Mr. Allalcha and Mr. Pedrazzini) regarding his performance—evidence he says is directly relevant to his claims. Crediting Mr. Smahi's description of the belatedly-produced documents and their significance for his claims,[2] the Court finds that he has shown good cause to re-open the depositions of Mr. Allalcha and Mr. Pedrazzini—the two managers who are named as defendants in the action and are alleged to be principally responsible for the conduct and decisions underlying Mr. Smahi's claims. This discovery does not appear to be unreasonably cumulative or duplicative of testimony previously provided. However, Mr. Smahi has not shown good cause to re-open the depositions of Ms. Griggs and Ms. Snailer, both of whom are non-party witnesses employed or formerly employed by ST in HR roles and neither of whom is alleged to have decision-making responsibility.

Accordingly, the Court concludes that Mr. Smahi may take further deposition testimony of Mr. Allalcha and Mr. Pedrazzini only. In these further depositions, Mr. Smahi's inquiry must be limited to matters reasonably arising from and relating to ST's belatedly-produced documents. To

---

[2] It would be difficult, if not impossible, for the Court to determine specifically which of the belatedly-produced documents contains subject matter that was already adequately covered in the prior depositions of these four deponents without reviewing the transcripts of those depositions and each of the documents in question. The Court's Standing Order for Civil Cases does not permit filing of these materials absent leave of court, and the parties did not seek leave. *See* Judge DeMarchi's Standing Order for Civil Cases, sec. 4(c)(vi).

limit the burden on defendants, the depositions shall be conducted by remote means, and the duration of each deposition shall not exceed two hours, unless the parties stipulate otherwise.  The parties must confer immediately, by telephone, to schedule these depositions so that they can be completed before the February 23, 2026 deadline set by Judge Pitts.  *See* Dkt. No. 111.

**IT IS SO ORDERED.**

Dated: February 17, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California

4