UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RACHID SMAHI,<br><br>Plaintiff,<br><br>v.<br><br>STMICROELECTRONICS, INC., et al.,<br><br>Defendants. | Case No.  23-cv-06645-PCP   (VKD)<br><br>**ORDER RE MARCH 27, 2026<br>DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 147 |

Plaintiff Rachid Smahi and defendants STMicroelectronics, Inc. and Ismail Allalcha ("defendants") ask the Court to resolve their dispute regarding whether Mr. Smahi should be permitted to take additional deposition testimony of Mr. Allalcha, after defendants belatedly produced 44 pages of notes and communications part of the way through Mr. Allacha's February 27, 2026 further deposition.  Dkt. No. 147.  Pursuant to the Court's interim order (Dkt. No. 150), Mr. Smahi has lodged the relevant deposition transcripts and documents with the Court, and defense counsel has filed a declaration confirming that the documents in question were produced to plaintiff for the first time on February 27, 2026 during Mr. Allalcha's deposition (*see* Dkt. No. 152).  The Court finds this dispute suitable for resolution without oral argument.  *See* Civil L.R. 7-1(b).

Having considered the parties' joint discovery dispute letter, their supplemental submissions, and the applicable authority, the Court concludes that Mr. Smahi may take a further, limited deposition of Mr. Allalcha.

## I.    BACKGROUND

The Court previously found that Mr. Smahi had established good cause to reopen Mr.

Allalcha's deposition for an additional two hours based on defendants' belated production of non-duplicative, non-cumulative documents concerning the purported justifications for Mr. Smahi's termination and communications to and from Mr. Smahi's managers (Mr. Allalcha and Mr. Pedrazzini) regarding his performance. *See* Dkt. No. 132.

Mr. Allalcha appeared for further deposition on February 27, 2026. Dkt. No. 147 at 2, 5. During that deposition, Mr. Allalcha testified that he used Microsoft OneNote to take notes and that he had reviewed these notes in preparation for his further deposition. *Id.* at 2. Although defense counsel stated on the record that Mr. Allalcha's OneNote notes had already been produced, that representation was not correct. *Id.* at 2, 3; Dkt. No. 152 ¶ 5.

During the second hour of Mr. Allalcha's February 2026 deposition, defendants produced 44 pages of documents, ST_SMAHI_005287-005330, that previously had not been produced. Dkt. No. 147 at 3. These documents included 29 pages of Mr. Allalcha's OneNote notes (ST_SMAHI_005292-5320), as well as text/chat communications and a list of calendar invites. *Id.* at 3.

Mr. Smahi now demands yet another opportunity to depose Mr. Allalcha for an additional two hours. *Id.* at 4. Mr. Allalcha objects to providing any further deposition testimony. *Id.* at 5.

## II.    LEGAL STANDARD

Absent agreement of the parties, Mr. Smahi must obtain leave of court to re-open the deposition of a witness who has already been deposed. Fed. R. Civ. P. 30(a)(2)(ii); *see also* Fed. R. Civ. P. 30(d)(1) (deposition presumptively limited to one day of seven hours). A court must grant leave "to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2). Rule 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(2) requires a court to limit the frequency or extent of discovery where, for example, "(i) the discovery sought is unreasonably cumulative or duplicative, or can be

United States District Court
Northern District of California

obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). A party seeking a court order to extend a witness's examination beyond seven hours in a single day must show "good cause" for such an order. Fed. R. Civ. P. 30 advisory committee's note to 2000 amendment; *Pratt v. Archstone Willow Glen Apartments*, No. 08-cv-3588 JF (RS), 2009 WL 2032469, at *1 (N.D. Cal. July 10, 2009) (discussing examples of relevant considerations).

## III.    DISCUSSION

There is no dispute that defendants should have produced the 44 pages of documents before the close of fact discovery and did not do so. However, as the Court observed in its prior order, the mere fact that responsive documents are produced after a deposition does not, by itself, justify re-opening the deposition. Dkt. No. 132 at 3. Rather, Mr. Smahi must demonstrate that there is good cause for the Court to permit a further deposition of Mr. Allalcha, consistent with the requirements of Rule 26(b)(1) and (2).

*Relevance*. The Court first considers whether defendants' late production includes relevant documents and whether deposition testimony about those documents would be relevant to a claim or defense.

There is no serious dispute that Mr. Allalcha's OneNote notes (ST_SMAHI_005292-5320) contain relevant information. According to Mr. Smahi, these notes "cover virtually every interaction [he] had with his manager (Mr. Allalcha) for six months prior to his termination," including the following subjects: (1) Mr. Allalcha's criticisms of Mr. Smahi's performance; (2) Mr. Smahi's objections to his performance reviews; (3) discussions between Mr. Smahi and Mr. Allalcha about Mr. Smahi coming into the office; (4) co-workers' criticisms of Mr. Smahi's management; (5) Mr. Smahi's complaints about being marginalized; (6) discussions between Mr. Allalcha and Mr. Pedrazzini about Mr. Smahi's heart surgery; (7) the events that led to Mr. Smahi's written warning and the purported basis for such warning; and (8) the meeting at which Mr. Smahi was advised his employment was being terminated. Dkt. No. 147 at 3-4. Defendants

United States District Court
Northern District of California

acknowledge that these notes "contain substantive narrative content" regarding Mr. Smahi's performance issues, his refusal to come into the office, his failure to respond to attempts to reach him during his absence from work in May 2023, and the corrective action and termination process. *Id.* at 6.

The Court has reviewed the notes and agrees with the parties' characterizations of their contents. They were authored by Mr. Allalcha, one of the two managers alleged to be principally responsible for the conduct and decisions underlying Mr. Smahi's claims, and included detailed information about Mr. Allalcha's interactions with Mr. Smahi and communications with others about him. Accordingly, the Court finds that the OneNote notes contain relevant information and that questioning about the contents of these notes would likewise yield relevant information. However, Mr. Smahi has not demonstrated that further testimony regarding the remainder of the documents produced during Mr. Allalcha's deposition would be relevant to any claim or defense.

*Cumulative or duplicative.* The Court next considers whether further deposition testimony from Mr. Allalcha regarding his OneNote notes would be cumulative or duplicative of discovery already obtained in the action.

Defendants argue that the notes contain no *new* information relevant to this case. Dkt. No. 147 at 6. According to defendants, the notes document "workplace issues" that were recorded in documents produced to plaintiff before Mr. Allalcha's February 2026 deposition and as to which Mr. Allalcha has already been questioned extensively in September 2025 and February 2026. *Id.* Mr. Smahi acknowledges that Mr. Allalcha was questioned previously about several of the topics described in the notes, but he argues that the notes are "much more detailed" than other discovery he has been able to obtain on these topics and reveal certain "inconsistencies" and "holes" in Mr. Allalcha's prior testimony. *Id.* at 4. Mr. Smahi also points out that during the February 2026 deposition, Mr. Allalcha said he could not recall certain details without reviewing his notes, which were not available to him at that time. *Id.*

The Court has reviewed the transcripts of Mr. Allalcha's prior depositions, lodged with chambers, and agrees that Mr. Allalcha has already been questioned extensively about the subjects Mr. Smahi claims are relevant and described in the OneNote notes. Although Mr. Smahi cites a

United States District Court
Northern District of California

United States District Court
Northern District of California

few, discrete items of new information contained in the notes, it is not clear why he requires deposition testimony about those specific matters. The Court appreciates that plaintiff's counsel may have used his deposition time differently had he had the OneNote notes in hand in advance of Mr. Allalcha's prior depositions. However, it would be improper for Mr. Smahi to examine Mr. Allalcha again regarding matters about which he has already been questioned and testified fully, simply because plaintiff's counsel wishes to cover the same ground using better tools. *See Roddy v. Front Range Biosciences, Inc.,* No. 22-cv-02640-VKD, 2023 WL 2374707, at *3 (N.D. Cal. Mar. 6, 2023) ("Re-deposing a witness about the same topic, even if the intent is to confront him with other witnesses' inconsistent statements, is unnecessarily duplicative discovery."). On the other hand, the Court agrees with Mr. Smahi that the OneNote notes are detailed. Indeed, it may be difficult to decipher the meaning of some entries without explanation or context, and Mr. Allalcha is the only witness capable of providing that explanation or context. Finally, Mr. Allalcha himself highlighted the significance of these notes when he testified that he used them to prepare for his deposition and that he could not answer some questions without consulting the notes.

Accordingly, the Court concludes that further questioning that is limited to examination about discrete items of new information in the notes, or that attempts to use the notes to refresh the witness's recollection about matters he previously testified he did not recall, would not be unreasonably cumulative or duplicative of prior discovery. However, to the extent Mr. Smahi wishes to question Mr. Allalcha again about matters on which he has already been examined, further deposition testimony regarding those matters would be unreasonably cumulative and duplicative of the prior depositions.

*Fair opportunity for discovery*. The Court next considers whether Mr. Smahi has already had a fair opportunity to depose Mr. Allalcha about the OneNote notes.

Defendants point out that, once they discovered that Mr. Allalcha's notes had not been produced, they offered to make him available for an additional hour of questioning, extending his two-hour deposition to three hours. Dkt. No. 147 at 5. Defendants argue that it was unreasonable for plaintiff's counsel to decline this offer, as he had ample opportunity to study the belatedly-

produced materials over the lunch break and could have questioned Mr. Allalcha thereafter but simply "elected not to do so." *Id.* at 7. They also fault Mr. Smahi for failing to discover earlier that defendants had not produced the notes. *Id.* at 5 n.2, 7. Mr. Smahi responds that he did not have a fair opportunity to examine Mr. Allalcha about the OneNote notes during the second deposition. *Id.* at 3. He explains that his counsel required time to review the documents and had prior obligations that would not permit him to conduct that review and continue the deposition for an additional hour on that day. *Id.*

The Court is not sympathetic to defendants' argument that *Mr. Smahi* should have figured out earlier that defendants had not produced Mr. Allalcha's notes. Defendants' argument that Mr. Smahi's counsel made a purely tactical decision to not question Mr. Allalcha about these notes during the February 2026 deposition is not supported by the record and is likewise unpersuasive. The Court finds that Mr. Smahi did not have a fair opportunity to review the notes and to question Mr. Allalcha about them during the February 2026 deposition.

*Undue burden*. Finally, the Court considers whether requiring defendants to produce Mr. Allalcha for a further deposition would impose an undue burden on him or defendants.

As defendants correctly observe, Mr. Allalcha has already been questioned in deposition for a total of nine hours over two separate days. They assert that "[p]ermitting a third deposition session would impose a substantial and unwarranted burden on [him]," *id.* at 7, but they do not explain why that is so. Indeed, as defendants acknowledge, after discovering that they had failed to produce the notes and other responsive documents, they previously offered to make Mr. Allalcha available for an additional hour of deposition. *Id.* at 6. Mr. Smahi responds that the only reason Mr. Allalcha was required to submit to a second deposition in February 2026, and is being asked to testify again, is because defendants failed to timely produce responsive documents—i.e., it is a problem of defendants' own making. *See id.* at 2. Mr. Smahi does not directly address the question of burden, although he does propose to take the further deposition on a "remote basis." *Id.* at 4.

The Court finds that defendants have not shown that a limited deposition, conducted by remote means, would be unduly burdensome.

## IV.    CONCLUSION

For the reasons explained above, the Court finds good cause for Mr. Smahi to take further, limited deposition testimony of Mr. Allalcha.  Mr. Smahi's examination must be limited to the OneNote notes produced on February 27, 2026; he may not examine Mr. Allalcha about other documents.  Mr. Smahi may not inquire generally about matters on which Mr. Allalcha has already testified, but he may inquire about discrete items of new information contained in the notes and purported inconsistencies or omissions in Mr. Allalcha's prior testimony revealed by the notes.  He may also use the notes to refresh Mr. Allalcha's recollection about matters the witness previously testified he did not recall.

To limit the burden on defendants and Mr. Allalcha, the deposition must not exceed one hour and shall be conducted by remote means, unless the parties agree otherwise.  The parties must confer immediately, by telephone, regarding a date for Mr. Allalcha's deposition, and must stipulate to a date that is no later than May 1, 2026.  By **April 15, 2026**, the parties shall jointly file a stipulated request for an appropriate order from the presiding judge extending the deadline for Mr. Smahi to take Mr. Allalcha's further deposition on the agreed date.

**IT IS SO ORDERED.**

Dated: April 10, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California

7