United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RACHID SMAHI,

Plaintiff,

v.

STMICROELECTRONICS, INC., et al.,

Defendants.

Case No.  23-cv-06645-PCP   (VKD)

**ORDER RE MAY 21, 2026 DISCOVERY DISPUTE RE MAY 10, 2023 EMAIL**

Re: Dkt. No. 193

Plaintiff Rachid Smahi asks the Court to order defendants STMicroelectronics, Inc. ("ST") and Ismail Allalcha (collectively, "defendants") to produce a May 10, 2023 email Mr. Allalcha purportedly sent to ST's human resources department.  Dkt. No. 193 at 1, 3.  Defendants object that discovery has closed and that Mr. Smahi's request for relief is untimely.  *Id.* at 1, 3-5.

Mr. Smahi implies that the May 10 email is responsive to one or more document requests he served in May and June 2024, although he does not identify any particular document request calling for the production of the May 10 email.  *See id.* at 1-2.  He claims that defendants should have produced the email long ago and that he only realized it was missing from defendants' production in late April 2026 when he questioned Mr. Allalcha in deposition about a reference to the email in Mr. Allalcha's OneNote notes.  *Id.* at 2-3.  As Mr. Smahi acknowledges, defendants produced the OneNote notes on February 27, 2026.  *Id.* at 2.

As defendants correctly observe, fact discovery in this case closed on October 3, 2025, with the exception of the "certain fact discovery" Mr. Smahi identified in his administrative motion, filed at Dkt. No. 105, for which the presiding judge set a new deadline of February 23,

2026.[1] *See* Dkt. No. 111; Dkt. No. 126; Dkt. No. 148 at 2-3.  As relevant here, Mr. Smahi's administrative motion sought an extension of the fact discovery deadline for taking additional *deposition testimony* from defendants (and former ST employees).[2]  *See* Dkt. No. 105 at 1-3.  The motion did not seek, and the presiding judge did not order, an extension of the fact discovery deadline to allow Mr. Smahi to obtain *documents* from defendants.  Mr. Smahi does not explain why, without having sought and obtained a modification of the case management order or of the local rule deadline for filing discovery disputes, he is entitled to seek an order at this late date compelling defendants to produce the May 10 email.  Accordingly, Mr. Smahi's request for such an order is denied.

Nevertheless, the Court reminds defendants of their continuing obligation under Rule 26(e) to correct their response to Mr. Smahi's discovery requests "in a timely manner" if they learn that the response is "incomplete" in some material respect and "if the additional or corrective information has not otherwise been made known" to Mr. Smahi.  *See* Fed. R. Civ. P. 26(e); *In re Google RTB Consumer Priv. Litig.*, No. 21-cv-02155-YGR (VKD), 2023 WL 3046793, at *2 (N.D. Cal. Apr. 21, 2023) (party has an affirmative duty to supplement discovery responses, including document production, under Rule 26(e), and this duty extends past close of fact discovery); *see also Bess v. Peffley*, No. 3:22-cv-00341-JSC, 2025 WL 3171904, at *2 (N.D. Cal. Nov. 13, 2025) ("Counsel had an obligation to ensure Defendant searched for responsive documents at the time the discovery requests were made.").

**IT IS SO ORDERED.**

Dated: June 4, 2026

Virginia K. DeMarchi
United States Magistrate Judge

---

[1] This deadline was further extended by the presiding judge for specific depositions.

[2] The administrative motion also identified deposition testimony and document production from non-party Apple. *See* Dkt. No. 105 at 3.

2